## WATKINS, Respondent, v. FINNEY, Appellant.

1. The law commissioner's court of St. Louis county can not entertain an appeal from a justice of the peace, in a case where plaintiff seeks to recover damages for an entry into his close, and the tearing down of the wall of a tenement thereon. The appeal should be taken to the Land Court.
2. *Quere*: has the law commissioner the authority, on appeals from a justice of the peace, to affirm the judgment of the justice on the appellee's motion, and his filing a transcript of the proceedings before the justice's court?

*Appeal from St. Louis Law Commissioner's Court.*

The facts are stated in the opinion of the court.

*A. W. Lewis*, for appellant.

*C. C. Simmons*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a suit commenced before a justice of the peace by Watkins against John Finney and William Finney. The plaintiff charged that the defendants, by themselves, servants, agents and workmen, entered upon the premises of the plaintiff wrongfully, and tore down and removed the western wall of a certain brick tenement in the plaintiff's possession in the city of St. Louis, thereby opening the same to access without any protection, so that the goods and chattels of the plaintiff, in said building, to wit, two hundred and fifty pounds tallow, two hundred and eighty-seven pounds side bacon, four dressed skins, fifteen pounds beeswax, and forty grain sacks, the whole of the value of fifty dollars, were lost or stolen therefrom. He claimed damages for injuries to said building and the loss of said goods and chattels to the amount of fifty dollars.

There was a trial before the justice of the peace, and the jury found a verdict for the plaintiff, assessing his damages at twenty-five dollars. The justice rendered judgment for plaintiff, and the defendants prayed an appeal, which the justice granted to the Law Commissioner's Court.

The plaintiff afterwards filed the transcript of the judgment and proceedings of the justice's court in the Law Commissioner's Court, and moved that court to affirm the judgment; the Law Commissioner overruled the motion. The plaintiff then moved to dismiss the appeal, because the suit being to recover damages for the trespass to realty, the appeal should have been taken to the Land Court; the Law Commissioner's Court having no jurisdiction of the case. This last motion was sustained, and the appeal was accordingly dismissed. The appellants excepted, and bring the case here by appeal.

This judgment of dismissal must be sustained ; the suit is for tearing down and removing a part of a brick wall of a tenement in plaintiff's possession, as well as for goods and chattels lost to the plaintiff by such act of tearing down and removing. This case is similar in principle to the one of Meier v. Eichelberger (21 Mo. 148). The appeal, therefore, could not be taken to the court of the Law Commissioner ; it lay to the Land Court.

The judgment below is affirmed. We do not know of any law authorizing the Law Commissioner's Court to affirm judgments on the appellee's motion by filing his transcript and moving therefor, like the practice in this court. The other judges concur.